Reginald S. Oliver, J.
The petition in this support matter alleges that the petitioner and respondent are husband and wife and they have three children, Laurie, four years of age, Michael, two years of age, and Todd, now four months of age. The petitioner is receiving public assistance in the amount of $101.20 a month and the respondent is paying to the petitioner $20 a week for groceries for the four individuals and is paying all other household bills. The facts of the petition were substantiated at the hearing on September 26, 1973.
It was further shown at the hearing that the respondent is regularly employed at Eastman Kodak Company and has an average weekly gross salary of approximately $178 which is supplemented each March by the annual bonus which in 1973 amounted to about $1,200. Among other deductions from the respondent’s pay made by his employer are a mortgage payment of $43 a week, $5 a week for a savings account, Federal and State income taxes and social security. In addition to the mortgage for the marital residence the respondent pays approximately $4.50 a week for electricity, $2.50 for insurance and $4 for heating fuel. He is presently paying $19 a week for his automobile and in three months that will be paid for. He has other debts which have mainly been in existence prior to the separation of the petitioner and the respondent herein.
In February of 1973 the respondent' left the petitioner and the marital residence and went to live in a trailer owned by another lady. Until approximately two weeks ago he continued to reside in the same trailer and had all of his expenses paid for by his friend. Two weeks ago, however, he purchased a new and larger trailer into which he and his friend have moved for *384 which he has obligated himself to pay some $7,000 over a period of the next 10 years. It was shown that he buys some of the food in his present arrangement but nothing definite has been worked out as to the amount his friend will contribute as rent or some other payment to assist in the purchase of the new trailer.
While living with his wife and two children (the third child having been born in May after he left the marital residence) the respondent supported the family on his income. There was some testimony that he has changed jobs with the same employer which may or may not have decreased his income by $4 or $5 a week but the court does not feel that if it indeed has decreased his income that it is a substantial change in his circumstances. The respondent moved from the marital residence to live with another woman and he has assumed new debts and obligations. In effect, he wants the Department of Social Services to take up the slack and support his wife and children so he can live as he chooses.
In Matter of Windwer v. Windwer (33 N Y 2d 599), a husband who had remarried and fathered a child sought reduction in support payments for his former wife and three children. His income had remained unchanged and it was merely the circumstances of the remarriage and new child on which he based his application. The court denied the application for the modification holding that the circumstances relied upon would not warrant a reduction.
This court cannot distinguish the present case from the above holding. The facts speak for themselves.
In keeping with the holding in Windwer (supra), the court directs the respondent to continue to pay the mortgage, electricity, heat and insurance and all other expenses now paid by him at the marital residence, and in addition to such payments, he shall pay the sum of $45 per week through the -support bureau for necessities for his wife and three children. Such sum will relieve Wayne County from expending approximately $100 a month to supplement support presently being paid. If it is a hardship, it is one of his own creation. If he must find additional part-time work to meet his obligations, so be it.